**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RANDY KENDALL**,

        Petitioner,

v.                                              **Civil Action No. 2:10cv122**
                                                  **(Judge Bailey)**

**TIMOTHY STEWART,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. Procedural Background

The *pro se* petitioner initiated this case on November 4, 2010, by filing a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1). Pursuant to 18 U.S.C. §§ 3621(b) and 362(c), the petitioner challenges the Bureau of Prisons ("BOP") decision to place him in a Residential Release Center ("RRC) for 90 days.

On November 22, 2010, the petitioner paid the required filing fee. (Doc.11). Accordingly, on December 7, 2010, the undersigned made a preliminary review of the file, determined that summary dismissal was not warranted, and directed the respondent to show cause why the petition should not be granted. (Doc. 12).

The respondent filed a Motion to Dismiss on January 4, 2011. (Doc. 14). Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on January 18, 2011. (Doc. 16). On January 31, 2011, the petitioner filed a Response the Motion Dismiss which is styled Petitioner's Motion to Grant Writ. (Doc. 18).

### II. Factual Background

1

The petitioner is currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"). He is serving a 30 month sentence imposed by the United States District Court for the Eastern District of Kentucky on July 14, 2009. (Doc. 13-1, p. 8). The petitioner's projected release date is September 5, 2011, via Good Conduct Time Release. (Doc. 15-1, p. 9). He has been recommended for Home Confinement beginning June 7, 2011, or for approximately the last ninety (90) days of his incarceration. (Doc. 15-1, p. 13).

### III. Issues Presented

In his petition, the petitioner states that the grounds for his petition are:

(1) the BOP abused its discretion when it relied on impermissible factors and contradictory evidence during the process of determining his prerelease date;

(2) the BOP abused its discretion when it refused to consider his history of program participation in relation to determining his prerelease placement duration as required by 42 U.S.C. § 17541 and its own regulations; and

(3) the BOP abused its discretion when it reduced his previously approved prerelease placement duration as a punitive measure for failing to complete the Residential Drug Addiction Program ("RDAP") and without justification under 18 U.S.C. § 3621.

For relief, the petitioner then requests this Court order the BOP to reconsider his prerelease placement duration in compliance with Federal law and its own regulations.

In his response to the petition, the respondent argues that:

1. The Bureau's determination regarding the duration of the petitioner's RRC placement is not subject to judicial review;

2. The Bureau did not abuse its discretion with regard to its RRC review and referral of the petitioner's case pursuant to the Second Chance Act; and

3. The petition should be dismissed as moot.

In reply, the petitioner maintains that in his Declaration, Frederick Coromano, case manager, states that the petitioner has experience in electrical, plumbing, and heating/air conditioning. However, he failed to mention that, as of November 31, 2010, his license expired due to failure to complete the continuing education required to maintain his electrical license. The petitioner also notes that his HVAC license also has expired. The petitioner further notes that even if has the skills described by Mr. Coromano, he does not possess a valid license to perform any such work and will need RRC time to complete the classes and take the necessary examination to reinstate his license. The petitioner further argues that Mr. Caromano refuses to consider the Inmate Skills Development Program participation in relation to determining his prerelease placement duration. Finally, based on Mr. Caromano's statement that "You cannot not be referred prior to your home detention eligibility date, he is still using the old 10% of sentence date to determine the RRC placement.

### IV. <u>Standard of Review</u>

**A. <u>Motion to Dismiss</u>**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the

complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order

to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## V. The Second Chance Act

On April 9, 2008, the Second Chance Act of 2007, Pub.L.No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." See 18 U.S.C. § 3624(c)(1). The statute provides that those conditions may include confinement in a community correctional facility/community corrections center/residential re-entry center, all of which are commonly known as a "half-way house." The statute provides that the decision to confine a prisoner in a "half-way" house shall be made on an individual basis and shall be made in light of several factors, most of which are identified in 18 U.S.C. 3621(b). See Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008) [BOP may consider factors in addition to those identified in 3621(b)]. The factors identified in 18 U.S.C. 3621(b) are as follows:

>  (1) the resources of the facility contemplated;
> 
>  (2) the nature and circumstances of the offense;
> 
>  (3) the history and characteristics of the prisoner;
> 
>  (4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
> 
>  (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

## VI. Analysis

A.  **18 U.S.C. § 3625**

In accordance with the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 and 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action with the meaning of a relevant statute is entitled to judicial review thereof," except to the extent that a statute precludes judicial review. In this case, the petitioner challenges the length of time the BOP has deemed appropriate for him in an RRC prior to his release. That decision is governed by 18 U.S.C. § 3624(c)(1). As previously noted, that section now provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Because such a determination involves a decision regarding an inmate's place of imprisonment, in making a determination under § 3624(c), the Director must necessarily consider the five factors enumerated in 18 U.S.C. § 3621(b), as outlined previously in this Report. However, pursuant to 18 U.S.C. § 3625, Congress has specifically excluded subsections 3621 and 3624 from judicial review under the APA. See Davis v. Beeler, 966 F.Supp. 483, 489 (E.D.Ky. 1997). Section 3625 states: "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." Accordingly, any substantive decision by the BOP with regard to the petitioner's eligibility for RRC placement, or the length of time in an RRC, is not reviewable by this Court. See Lyle v. Sivley, 805 F.Supp. 755, 760 (D.Ariz. 1992). However, even where judicial review under the APA is specifically excluded by statute, the court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority.

Webster v. Doe, 486 U.S. 592 (1988); Turner v. Safley, 482 U.S. 78, 84 (1987); Procunier v. Martinez, 416 U.S. 396, 405 (1974); Davis v. Beeler, 966 F.Supp. at 489.

It is well-established that an inmate has no constitutional right to be confined to a particular institution, Meachum v. Fano, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. Olim v. Waukinekona, 461 U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC prior to his release, and the decision whether to make such placement is clearly a matter of prison management within the knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred.

In the instant case, the petitioner first argues that the BOP abused its discretion when it relied on impermissible factors and contradictory evidence during the process of determining his prerelease date. More specifically, he argues that the BOP relied on his relatively short sentence, his RDAP program failure, and his home detention date as well as other contradictory statements to determine the appropriate duration of his RRC placement. In addition, he maintains that the BOP abused its discretion when it refused to consider his history of program participation in relation to determining his prerelease placement duration. Finally, the petitioner argues that the BOP reduced his previously approved prerelease placement duration as a punitive measure for failing to complete RDAP[1] Even

---

[1]. Ordinarily review for RRC placement is done with 17-19 months of the prisoner's projected release date. In this case, the petitioner was in RDAP and eligible for early release. Because of the provisional early release date of March 5, 2001, an original RRC referral recommendation was completed on March 5, 2010, with a recommended RRC date of September 7, 2010. This date would have allowed him time to complete the transitional services portion of RDAP, then release six (6) months early. However, the petitioner was expelled from RDAP following his second violation of the rules and regulations of the program. Accordingly, a routine (non-RDAP) RRC referral recommendation was prepared, and it was the petitioner's own failing that resulted in a new RRC referral plan.

if true, none of these allegations state a clear constitutional violation.

Accordingly, the issue becomes whether the petitioner was properly reviewed for RRC placement utilizing the required five factors. In recommending the petitioner for (3) months transitional placement on home confinement, staff specifically noted that: "(1) There are available community corrections in his release area; (2) The nature and circumstances of the offense are eligible for community corrections as there was no violence or other extenuating circumstances that would prelude placement; (3) The history and characteristics of the inmate are: he has an established residence and community ties. He is experienced in electrical, plumbing, and heating and air conditioning. Inmate Kendall received a relatively short sentence and has not been removed from the community for a particularly lengthy period of time. Therefore, we are requesting Home Confinement due to his few re-entry needs; (4) There were no statements on the J&C from the sentencing court in the Eastern District of Kentucky regarding community corrections placement at the time of sentencing; and (5) There is no pertinent policy by the Sentencing Commission.(Doc. 15-1, p. 14).

Accordingly, as required by the Second Chance Act, the petitioner's Unit Team made its review on an individual basis and considered the appropriate factors in recommending his three-month placement. The fact that the petitioner's circumstances under that review could warrant two different interpretations of his need for RRC placement does not establish that the BOP was either derelict in its duties or wrong. Moreover, there is no evidence that the determination was arbitrary, capricious, or an abuse of discretion. Therefore, the petitioner cannot show that BOP officials violated the Second Chance Act, and his petition should be dismissed.

## VI. **Recommendation**

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (Doc. 14) be **GRANTED,** and the petitioner's §2241 petition be **DENIED** and **DISMISSED with prejudice**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 23, 2011.

>  /s/ James E. Seibert
> JAMES E. SEIBERT
> UNITED STATES MAGISTRATE JUDGE